FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 APR 26 A 10: 54
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SHAUN CHRISTOPHER LEE,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>ANGELA WILLIAMS, and  )<br>BRIAN OWENS, Commissioner,  )<br>)<br>Respondents.  ) | CIVIL ACTION NO.: CV613-007 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Shaun Lee ("Lee"), an inmate currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Bulloch County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Lee filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Lee was convicted, after a jury trial, in July 2011 in the Bulloch County Superior Court of criminal attempt to manufacture methamphetamine and obstruction of an officer. Lee received a sentence of 15 years' imprisonment.

AO 72A
(Rev. 8/82)

In this petition, which was filed on December 31, 2012, Lee contends that the prosecution failed to disclose information that his co-defendant had received a favorable plea agreement by agreeing to testify against Lee. Lee also contends that he was denied effective assistance of counsel and his right to file an appeal. Lee asserts that he was arrested unlawfully and was not provided a hearing on the merits of this claim. Respondent contends that Lee's petition should be dismissed because he failed to exhaust his state court remedies before filing his section 2254 petition.

## DISCUSSION AND CITATION OF AUTHORITY

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any

AO 72A
(Rev. 8/82)

constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Lee has not shown that he exhausted his state court remedies before he filed this cause of action. Lee has available many options, including filing what undoubtedly would be an out-of-time motion for a new trial with the trial court or a direct appeal of his

3

conviction. In addition, based on Lee's assertions that the trial court will not answer his requests, he could file a motion for writ of mandamus with the Georgia Supreme Court to compel the trial court judge to rule on any filed motions. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Moreover, Lee could file a petition for writ of habeas corpus in state court. Lee is capable of filing a *pro se* pleading, which he has shown by filing this § 2254 petition. Lee fails to show there is an absence of available State corrective process or that circumstances are such that the available process is ineffective. Accordingly, Lee did not exhaust his available remedies prior to filing this petition.

The undersigned notes Lee's reliance on Walker v. Thompson, Case No. 5:05-cv-222 (M.D. Ga.), as support for his position that having him exhaust his state remedies would be futile. Walker is distinguishable. In Walker, the petitioner's conviction occurred more than eight (8) years prior to the filing of his section 2254 petition. (5:05-cv-222, Doc. No. 21, p. 4). The petitioner in Walker continuously filed motions and other pleadings during this eight-year time period. The District Court for the Middle District of Georgia determined that the state court inordinately delayed, making the state remedies ineffective in that situation, and allowed the petitioner to proceed with the merits of his petition. (Id. at Doc. Nos. 54, 55).

In this case, Lee filed a § 2254 less than a year and a half after his convictions were final. Lee has not shown that the state court has inordinately delayed rendering a decision in any filed motions or that he has pursued all available remedies.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Lee's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 26th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE